IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JANET FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:20-cv-03169 |
| v. ) | |
| ) | (Removal from Circuit Court |
| ) | of Sangamon County, Illinois |
| JIN DONG and ANGEL AI INC., ) | Case No. 2020L 000075) |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW Defendants Jin Dong and Angel AI Inc. ("Defendants") and, pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, hereby give notice of their removal of the above-styled matter from the Circuit Court of Sangamon County, Illinois to the Springfield Division of the United States District Court, Central District of Illinois. In support of its removal, Defendants state as follows:

1. This Court has original jurisdiction of the action under 28 U.S.C. § 1332, and Defendants base their removal on this jurisdiction as laid out below.

2. This action is removable under 28 U.S.C. § 1441(a), because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The United States District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." And is between citizens of different States. 28 U.S.C. § 1332(a).

3. In accord with 28 U.S.C. § 1446, Defendants attach all process, pleadings and orders served upon Defendants as **Exhibit A**.

4. Concurrent with the filing of this Notice of Removal, Defendants served a copy of this Notice on all parties to the suit and filed a copy with the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, along with written notice of the filing, in accordance with 28 U.S.C. § 1446(d).

5. The above-entitled action, now pending in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois, is a civil action at law brought by the above-named Plaintiff against Defendants.

6. On April 6, 2020, Plaintiff Janet Ford ("Plaintiff") commenced a civil action in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois, Case No. 2020L 000075 ("state court action") against Defendants.

7. Plaintiff served Defendant Jin Dong with a summons in this matter through the Illinois Secretary of State on June 9, 2020. A copy of the return of service for Jin Dong is attached hereto as **Exhibit B**.

8. Plaintiff served Defendant Angel AI Inc. with a summons in this matter on June 1, 2020. A copy of the Sangamon County Circuit Court docket reflecting service on Angel AI Inc. is attached hereto as **Exhibit C**.

9. This Notice of Removal is filed within the time provided for filing after receiving notice that the case is removable, and within one year after commencement of Plaintiff's action, thus this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

10. Upon information and belief, Plaintiff Janet Ford is a resident of Sangamon County, Illinois. A copy of Plaintiff's Petition, establishing citizenship, is attached hereto as **Exhibit D**, ¶ 1.

11.     Defendant Jin Dong is, and at the time of the commencement of this action was, a citizen of the State of California.  *See* **Exhibit B**.

12.     Defendant Angel AI Inc. is, and at the time of the commencement of this action was, a corporation organized under the laws of the State of California, having its chief and principal place of business in the State of California.  A copy of the Articles of Incorporation of Angel AI Inc. are attached hereto as **Exhibit E**.

13.     Therefore, Plaintiff is diverse from all Defendants and there is complete diversity of citizenship of the parties.  28 U.S.C. § 1332(a)(1).

14.     Federal courts normally determine the amount in controversy by reference to the amount alleged in the complaint's ad damnum clause. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). The difficulty for defendants in Illinois, however, is that 735 ILCS 5/2-604 forbids the pleading of ad damnum clauses "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed..." Thus, Plaintiff's Complaint here follows Illinois rules and only alleges damages in excess of $50,000.00. (See Complaint, attached within **Exhibit D**).

13.     In the absence of an ad damnum clause, a defendant has the responsibility to "ascertain from a reasonable and commonsense reading of the complaint whether the action is removable." *Rising-Moore*, 435 F.3d at 815. A removing party does not have to show that the plaintiff will prevail or collect more than $75,000.00 if she were to prevail. *Id*. at 816. The removing party need only show that what the plaintiff hopes to get out of litigation exceeds the jurisdictional amount. *Id*.

14. Plaintiff's Complaint seeks recovery of an amount in excess of $50,000 for medical expenses, lost wages, past and future pain and suffering and loss of enjoyment of life, suggesting that a recovery in excess of $75,000 is possible given the nature of the allegations. (**Exhibit D**).

15. The amount in controversy, exclusive of interest and costs, exceeds the requisite jurisdictional amount for jurisdiction based upon diversity of citizenship in accordance with 28 U.S.C. § 1332(a).

16. The requirements to establish jurisdiction based upon diversity of citizenship, in accordance with 28 U.S.C. § 1332, have been met.

17. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and this matter may be removed to this Court in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

WHEREFORE, Defendants Jin Dong and Angel AI Inc. hereby requests that the state court action be removed from the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois to this Court.

/s/ Michael D. Cerulo
Michael D. Cerulo (#57536)
Erica Briscoe (#60683)
BATY OTTO CORONADO, P.C.
7711 Bonhomme Ave., Suite 901
St. Louis, MO 63105
mcerulo@batyotto.com
ebriscoe@batyotto.com
Telephone:   314-863-6274
Facsimile:   314-863-6407
***ATTORNEYS FOR DEFENDANTS
JIN DONG AND ANGEL AI INC.***

**Certificate of Electronic Filing**

       I hereby certify that on June 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. A true and correct copy of the above and foregoing was also sent via electronic mail to the following:

Barbara Moore
4925 Lexington Avenue
St. Louis, MO 63115
PLAINTIFF


*/s/ Michael D. Cerulo*
Attorneys for Defendants
Jin Dong and Angel AI Inc.