E-FILED
Monday, 29 June, 2020  03:15:15 PM
Clerk, U.S. District Court, ILCD

# Docket detail for case 2020-L-000075

## Overview

Case Number: 2020-L-000075

Case Type: Tort - Money Damages

Judge: NOLL

Filing Date: 04/06/2020

Status:

Report:

## Plaintiffs

| Name | Attorney |
|------|----------|
| JANET FORD | Lead: BERNARD SEGATTO III |

## Defendants

| Name | Attorney |
|------|----------|
| JIN DONG | |
| ANGEL AI INC | |

## Events

| Date | Events |
|------|--------|
| 04/06/2020 | Complaint Amount: $50,000.01 Plaintiff and Attorney: JANET FORD & BERNARD SEGATTO III Defendant: JIN DONG Defendant: ANGEL AI INC |
| | Summons - Issued Defendant: JIN DONG |
| | Jury Demand Fee Fee: $212.50 Plaintiff: JANET FORD |
| | Tort - Money Damages (over $50,000.00) Fee: $327.00 Amount: $50,000.01 Plaintiff and Attorney: JANET FORD & BERNARD SEGATTO III |
| | Summons - Issued Defendant: ANGEL AI INC |

Privacy - Terms

| Date | Events |
|------|--------|
| 05/18/2020 | Alias Summons Issued Defendant: ANGEL AI INC |
| | Alias Summons Issued Defendant: JIN DONG |
| | Alias Summons Fee Fee: $5.00 Filed Plaintiff and Attorney: JANET FORD & BERNARD SEGATTO III |
| | Alias Summons Fee Fee: $5.00 Filed Plaintiff and Attorney: JANET FORD & BERNARD SEGATTO III |
| 06/11/2020 | Alias Summons Served Jun 9, 2020 Served Defendant: JIN DONG |
| 06/15/2020 | Alias Summons Served Jun 1, 2020 Defendant: ANGEL AI INC |
| | 30 day |
| | Summons Corporate Service Jun 1, 2020 Defendant: ANGEL AI INC Summons left with Jun Jie Song |

The information on this page is current as of 06/29/2020. This information is intended to be used as a resource to determine the general status of historical and in-process court cases. This information is not the official record of the court. As such, it should only be used to gain a general understanding of a case's history and disposition. Accordingly, the Clerk of the Circuit Court of Sangamon County, its officers, and employees are not responsible or liable for any loss, consequence, or damage resulting directly or indirectly from use of this information.

EFILED
4/6/2020 4:00 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT

SANGAMON COUNTY, ILLINOIS

JANET FORD,

        Plaintiff,

vs.

JIN DONG and ANGEL AI INC.,

        Defendants.

NO. 2020L 000075

**Plaintiff Demands Trial by Jury on All Counts**

## COMPLAINT

NOW COMES the Plaintiff, JANET FORD, by her attorneys, Barber, Segatto, Hoffee, Wilke & Cate, LLP, and complains against Defendants, JIN DONG and ANGEL AI INCORPORATED, as follows:

### COUNT I - JIN DONG

1.     At all relevant times, Plaintiff was a resident of Auburn, Sangamon County, Illinois.

2.     On information and belief, Defendant, JIN DONG, is a resident of Monterey Park, Los Angeles County, California.

3.     On information and belief, Defendant, ANGEL AI INCORPORATED, is a corporation with its principal office located in Corona, Riverside County, California.

4.     On information and belief, Defendant, ANGEL AI INCORPORATED, is an interstate trucking company registered with the U.S. Department of Transportation under DOT number 2455533.

5.     At all relevant times, the Defendant, ANGEL AI INCORPORATED, owned and maintained the 2019 freightline truck tractor and semi-trailer operated by the Defendant, JIN DONG.

6. On April 30, 2018, at approximately 4:26 p.m., Plaintiff was driving a 2000 Volvo S40 southbound on Interstate 55 near milepost 86 in Sangamon County, Illinois in a safe and mindful manner.

7. That on the aforesaid date, the Defendant, JIN DONG, was operating a freightline truck in a southbound direction on Interstate 55 near milepost 86 directly beside the motor vehicle driven by Plaintiff in Sangamon County, Illinois. Said Defendant, JIN DONG, was operating such vehicle as the agent and or employee of the Defendant, ANGEL AI INC., and was acting within the course and scope of his employment or agency.

8. At all relevant times, the Defendant, ANGEL AI INC. was an interstate common carrier based out of California.

9. That on the aforesaid date, Defendant, JIN DONG, was traveling at a high rate of speed and failed to keep a proper lookout, entered into Plaintiff's lane and collided with the vehicle of Plaintiff.

10. The provisions of 49 C.F.R. §§ 301 to 399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Defendant, ANGEL AI INC., an interstate trucking company, and Defendant, JIN DONG, a commercial motor vehicle driver, were subject to and were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

11. That in its relevant parts, the FMCSR define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

12.     That in its relevant parts, the FMCSR define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. § 390.5.

13.     That in its relevant parts, the FMCSR define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. § 390.5.

14.     That in its relevant parts, the FMCSR define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

15.     That at all relevant times, the tractor and semi-trailer driven by Defendant, JIN DONG, was a self-propelled or towed motor vehicle used on a highway in interstate commerce to transport property that had a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight of 10,001 pounds or more and was, therefore, a commercial motor vehicle as defined by the FMCSR 49 C.F.R. § 390.5.

16.     That at all relevant times, the Defendant, JIN DONG, was a driver so said motor vehicle and therefore an employee as defined by the FMCSR.

17.     The 2019 freightline truck tractor was driven by the Defendant, JIN DONG, with the permission of its owner, the Defendant, ANGEL AI INC.

18.     At all relevant times, Defendant JIN DONG owed Plaintiff a duty to exercise due care and to operate his vehicle in a safe and reasonable manner and in compliance with the Illinois Vehicle Code.

19.     At all relevant times, the Defendant, JIN DONG, had a duty to operate the tractor-trailer in compliance with the Illinois Vehicle Code or FMCSR, whichever law imposes a higher standard of care. 49 C.F.R. § 392.2.

20.     At all relevant times, the Defendant, JIN DONG, had a duty to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid collision.

21.     In breach of his aforementioned duties, Defendant JIN DONG was then and there guilty of one or more of the following negligent acts or omissions:

    a.      negligently and carelessly failed to operate his vehicle in a safe and proper manner;

    b.      negligently and carelessly failed to keep a proper lookout;

    c.      failed to decrease the speed of said vehicle so as to avoid colliding with Plaintiff's vehicle in violation of 625 ILCS 5/11-601(a) and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105;

    d.      failed to stop said vehicle in time to avoid causing a collision, although Defendant saw or should have seen that it was impending and had ample time and opportunity to avoid it; and

    e.      improper lane usage in that Defendant JIN DONG failed to stay in his lane and collided with Plaintiff's vehicle in violation of 625 ILCS 5/11-709 and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105.

22.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant JIN DONG, Plaintiff suffered medical expenses, lost wages, past and future pain and suffering, disfigurement and past and future loss of a normal life.

WHEREFORE, the Plaintiff, JANET FORD, prays for judgment against the Defendant, JIN DONG, as follows:

        A.     A sum in excess of $50,000.00 for medical expenses, lost wages, past and future pain and suffering  and loss of enjoyment of life;

        B.     Costs of suit;

        C.     Any further relief as this Honorable Court deems fair and equitable.

### COUNT II - ANGEL AI INC.

1.     At all relevant times, Plaintiff was a resident of Auburn, Sangamon County, Illinois.

2.     On information and belief, Defendant, ANGEL AI INC., is a corporation with its principal office located in Corona, Riverside County, California.

3.     On information and belief, Defendant, ANGEL AI INC., is an interstate trucking company registered with the U.S. Department of Transportation under DOT number 2455533.

4.     At all relevant times, the Defendant, ANGEL AI INC., was acting by and through its employees and or agents and is responsible for the acts of those employees and agents pursuant to respondeat superior, agency, statutory liability or other similar theory of law.

5.     On April 30, 2018, at approximately 4:26 p.m., Plaintiff was driving a 2000 Volvo S40 southbound on Interstate 55 near milepost 86 in Sangamon County, Illinois in a safe and mindful manner.

6.     That on the aforesaid date, Defendant JIN DONG, was driving a 2019 tractor trailer owned by Defendant ANGEL AI INC., in a southbound direction on Interstate 55 near milepost 86 directly beside the motor vehicle driven by Plaintiff in Sangamon County, Illinois.

7.     At all relevant times, the Defendant, ANGEL AI INC. was an interstate common carrier based out of California.

8.     That on the aforesaid date, Defendant, JIN DONG acting as an employee or agent of Defendant, ANGEL AI INC., was traveling at a high rate of speed and failed to keep a proper lookout, entered into Plaintiff's lane and collided with the vehicle of Plaintiff.

9.     The provisions of 49 C.F.R. §§ 301 to 399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both  Defendant, ANGEL AI INC., an interstate trucking company, and Defendant, JIN DONG, a commercial motor vehicle driver, were subject to and were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

10.     That in its relevant parts, the FMCSR define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

11.     That in its relevant parts, the FMCSR define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. § 390.5.

12.    That in its relevant parts, the FMCSR define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. § 390.5.

13.    That in its relevant parts, the FMCSR define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

14.    That at all relevant times, the tractor and semi-trailer driven by Defendant, JIN DONG, was a self-propelled or towed motor vehicle used on a highway in interstate commerce to transport property that had a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight of 10,001 pounds or more and was, therefore, a commercial motor vehicle as defined by the FMCSR 49 C.F.R. § 390.5.

15.    That at all relevant times, the Defendant, JIN DONG, was a driver so said motor vehicle and therefore an employee as defined by the FMCSR.

16.    At all times relevant, Defendant, ANGEL AI INC., owned the commercial motor vehicle involved in this occurrence, namely the tractor and semi-trailer as defined by the FMCSR.

17.    The 2019 freightline truck tractor was driven by the Defendant, JIN DONG, with the permission of its owner, the Defendant, ANGEL AI INC.

18.    At all times relevant, it was the duty of the Defendant, ANGEL AI INC., through its employee or agent, the Defendant, JIN DONG, to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision.

19.     At all times relevant, it was the duty of the Defendant, ANGEL AI INC., through its employee or agent, the Defendant, JIN DONG, to operate the tractor trailer in compliance with the Illinois Vehicle Code.

20.     As a motor carrier, the Defendant, ANGEL AI INC., had a duty to require observance by its drivers, such as the Defendant, JIN DONG, of all duties or prohibitions set forth in the FMCSR 49 C.F.R. § 390.11.

21.     Defendant, ANGEL AI INC., is vicariously liable for the negligent acts and omissions of, JIN DONG, for the conduct alleged below, contrary to and in violation of 49 C.F.R. § 390.11 adopted by reference in 625 ILCS 5/18b-105.

22.     In breach of one or more of the aforementioned duties, Defendants, ANGEL AI INC., independently or acting through its employee or agent, the Defendant JIN DONG, and each of them, were then and there guilty of one or more of the following negligent acts or omissions:

   a.     negligently and carelessly failed to operate the vehicle in a safe and proper manner;

   b.     negligently and carelessly failed to keep a proper lookout;

   c.     failed to decrease the speed of said vehicle so as to avoid colliding with Plaintiff's vehicle in violation of 625 ILCS 5/11-601(a) and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105;

   d.     failed to stop said vehicle in time to avoid causing a collision, although Defendants saw or should have seen that it was impending and had ample time and opportunity to avoid it; and

e.      improper lane usage in that Defendants failed to stay in their lane and collided with Plaintiff's vehicle in violation of 625 ILCS 5/11-709 and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105.

23.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, ANGEL AI INC., individually or acting through its employee or agent, the Defendant, JIN DONG, and each of them, Plaintiff suffered medical expenses, lost wages, past and future pain and suffering, disfigurement, and past and future loss of a normal life.

WHEREFORE, the Plaintiff, JANET FORD, prays for judgment against the Defendant, ANGEL AI, as follows:

A.      A sum in excess of $50,000.00 for medical expenses, lost wages, past and future pain and suffering and loss of enjoyment of life;

B.      Costs of suit;

C.      Any further relief as this Honorable Court deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

JANET FORD, Plaintiff

By_____
One of her Attorneys

Bernard G. Segatto, III - 06190753
Kristen V. Johnson - 06329872
Barber, Segatto, Hoffee, Wilke & Cate, LLP
P. O. Box 79
Springfield, IL 62705-0079
217/544-4868
bsegatto@barberlaw.com
kj@barberlaw.com

STATE OF ILLINOIS          )
                                           ) SS.

COUNTY OF SANGAMON    )

## RULE 222(b) AFFIDAVIT

       JANET FORD, after being first duly sworn, states that pursuant to Supreme Court Rule 222(b) the total money damages sought in the foregoing Complaint does exceed $50,000.00.

_Janet Ford_ _(signature)_

Janet Ford

SUBSCRIBED AND SWORN to before
me this 6ᵗʰ day of _April_ , 2020.

_(signature)_
              Notary Public

302052

OFFICIAL SEAL
KRISTEN V JOHNSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES DEC. 06, 2022

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT

SANGAMON COUNTY, ILLINOIS

JANET FORD,

        Plaintiff,

vs.

                        NO. 2020-L-000075

JIN DONG and ANGEL AI INC.,

        Defendants.

**RECEIVED**
**RIVERSIDE CO SHERIFF**
**COURT SERVICES WEST**
**2020 MAY 26 PM 2:28**

### ALIAS SUMMONS

To the Defendant:    Angel AI Inc., c/o Jun Jie Song– Registered Agent, 6786 Annebury Drive, Corona, California 92880

        YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court, 200 South Ninth Street, Springfield, Illinois 62701, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

        E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk to your local circuit clerk's office.

To the officer:

        This Summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service and not less than 3 days before day of appearance. If service cannot be made, this Summons shall be returned so indorsed. This Summons may not be served later than 3 days before the day of appearance.

(Seal of Court) **SEAL** — JUDICIAL CIRCUIT, SANGAMON COUNTY, IL

WITNESS _____, 2020.
    5/19/2020

        (Clerk of the Circuit Court)
        **RM**

        Associate Circuit Clerk - Int. Deputy

Name:          Bernard G. Segatto, III
Attorney for:    Plaintiff
Address:      831 East Monroe
City:          Springfield, IL 62701
Telephone:     (217) 544-4868

303632

Date of Service: _____, 2020.
(To be inserted by officer on copy left with Defendant or other person)

Page 1 of 2

EFILED
4/6/2020 4:00 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT

SANGAMON COUNTY, ILLINOIS

JANET FORD,

    Plaintiff,

vs.

JIN DONG and ANGEL AI INC.,

    Defendants.

NO. 2020L 000075

**Plaintiff Demands Trial by Jury on All Counts**

## COMPLAINT

NOW COMES the Plaintiff, JANET FORD, by her attorneys, Barber, Segatto, Hoffee, Wilke & Cate, LLP, and complains against Defendants, JIN DONG and ANGEL AI INCORPORATED, as follows:

### COUNT I - JIN DONG

1. At all relevant times, Plaintiff was a resident of Auburn, Sangamon County, Illinois.

2. On information and belief, Defendant, JIN DONG, is a resident of Monterey Park, Los Angeles County, California.

3. On information and belief, Defendant, ANGEL AI INCORPORATED, is a corporation with its principal office located in Corona, Riverside County, California.

4. On information and belief, Defendant, ANGEL AI INCORPORATED, is an interstate trucking company registered with the U.S. Department of Transportation under DOT number 2455533.

5. At all relevant times, the Defendant, ANGEL AI INCORPORATED, owned and maintained the 2019 freightline truck tractor and semi-trailer operated by the Defendant, JIN DONG.

6.      On April 30, 2018, at approximately 4:26 p.m., Plaintiff was driving a 2000 Volvo S40 southbound on Interstate 55 near milepost 86 in Sangamon County, Illinois in a safe and mindful manner.

7.      That on the aforesaid date, the Defendant, JIN DONG, was operating a freightline truck in a southbound direction on Interstate 55 near milepost 86 directly beside the motor vehicle driven by Plaintiff in Sangamon County, Illinois. Said Defendant, JIN DONG, was operating such vehicle as the agent and or employee of the Defendant, ANGEL AI INC., and was acting within the course and scope of his employment or agency.

8.      At all relevant times, the Defendant, ANGEL AI INC. was an interstate common carrier based out of California.

9.      That on the aforesaid date, Defendant, JIN DONG, was traveling at a high rate of speed and failed to keep a proper lookout, entered into Plaintiff's lane and collided with the vehicle of Plaintiff.

10.     The provisions of 49 C.F.R. §§ 301 to 399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Defendant, ANGEL AI INC., an interstate trucking company, and Defendant, JIN DONG, a commercial motor vehicle driver, were subject to and were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

11.     That in its relevant parts, the FMCSR define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

12.     That in its relevant parts, the FMCSR define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. § 390.5.

13.     That in its relevant parts, the FMCSR define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. § 390.5.

14.     That in its relevant parts, the FMCSR define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

15.     That at all relevant times, the tractor and semi-trailer driven by Defendant, JIN DONG, was a self-propelled or towed motor vehicle used on a highway in interstate commerce to transport property that had a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight of 10,001 pounds or more and was, therefore, a commercial motor vehicle as defined by the FMCSR 49 C.F.R. § 390.5.

16.     That at all relevant times, the Defendant, JIN DONG, was a driver so said motor vehicle and therefore an employee as defined by the FMCSR.

17.     The 2019 freightline truck tractor was driven by the Defendant, JIN DONG, with the permission of its owner, the Defendant, ANGEL AI INC.

18.     At all relevant times, Defendant JIN DONG owed Plaintiff a duty to exercise due care and to operate his vehicle in a safe and reasonable manner and in compliance with the Illinois Vehicle Code.

19.     At all relevant times, the Defendant, JIN DONG, had a duty to operate the tractor-trailer in compliance with the Illinois Vehicle Code or FMCSR, whichever law imposes a higher standard of care. 49 C.F.R. § 392.2.

20.     At all relevant times, the Defendant, JIN DONG, had a duty to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid collision.

21.     In breach of his aforementioned duties, Defendant JIN DONG was then and there guilty of one or more of the following negligent acts or omissions:

   a.     negligently and carelessly failed to operate his vehicle in a safe and proper manner;

   b.     negligently and carelessly failed to keep a proper lookout;

   c.     failed to decrease the speed of said vehicle so as to avoid colliding with Plaintiff's vehicle in violation of 625 ILCS 5/11-601(a) and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105;

   d.     failed to stop said vehicle in time to avoid causing a collision, although Defendant saw or should have seen that it was impending and had ample time and opportunity to avoid it; and

   e.     improper lane usage in that Defendant JIN DONG failed to stay in his lane and collided with Plaintiff's vehicle in violation of 625 ILCS 5/11-709 and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105.

Page 4 of 10

22.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant JIN DONG, Plaintiff suffered medical expenses, lost wages, past and future pain and suffering, disfigurement and past and future loss of a normal life.

WHEREFORE, the Plaintiff, JANET FORD, prays for judgment against the Defendant, JIN DONG, as follows:

        A.   A sum in excess of $50,000.00 for medical expenses, lost wages, past and future pain and suffering  and loss of enjoyment of life;

        B.   Costs of suit;

        C.   Any further relief as this Honorable Court deems fair and equitable.

### COUNT II - ANGEL AI INC.

1.     At all relevant times, Plaintiff was a resident of Auburn, Sangamon County, Illinois.

2.     On information and belief, Defendant, ANGEL AI INC., is a corporation with its principal office located in Corona, Riverside County, California.

3.     On information and belief, Defendant, ANGEL AI INC., is an interstate trucking company registered with the U.S. Department of Transportation under DOT number 2455533.

4.     At all relevant times, the Defendant, ANGEL AI INC., was acting by and through its employees and or agents and is responsible for the acts of those employees and agents pursuant to respondeat superior, agency, statutory liability or other similar theory of law.

5.     On April 30, 2018, at approximately 4:26 p.m., Plaintiff was driving a 2000 Volvo S40 southbound on Interstate 55 near milepost 86 in Sangamon County, Illinois in a safe and mindful manner.

Page 5 of 10

6.     That on the aforesaid date, Defendant JIN DONG, was driving a 2019 tractor trailer owned by Defendant ANGEL AI INC., in a southbound direction on Interstate 55 near milepost 86 directly beside the motor vehicle driven by Plaintiff in Sangamon County, Illinois.

7.     At all relevant times, the Defendant, ANGEL AI INC. was an interstate common carrier based out of California.

8.     That on the aforesaid date, Defendant, JIN DONG acting as an employee or agent of Defendant, ANGEL AI INC., was traveling at a high rate of speed and failed to keep a proper lookout, entered into Plaintiff's lane and collided with the vehicle of Plaintiff.

9.     The provisions of 49 C.F.R. §§ 301 to 399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both  Defendant, ANGEL AI INC., an interstate trucking company, and Defendant, JIN DONG, a commercial motor vehicle driver, were subject to and were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

10.     That in its relevant parts, the FMCSR define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

11.     That in its relevant parts, the FMCSR define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. § 390.5.

Page 6 of 10

12.     That in its relevant parts, the FMCSR define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. § 390.5.

13.     That in its relevant parts, the FMCSR define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

14.     That at all relevant times, the tractor and semi-trailer driven by Defendant, JIN DONG, was a self-propelled or towed motor vehicle used on a highway in interstate commerce to transport property that had a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight of 10,001 pounds or more and was, therefore, a commercial motor vehicle as defined by the FMCSR 49 C.F.R. § 390.5.

15.     That at all relevant times, the Defendant, JIN DONG, was a driver so said motor vehicle and therefore an employee as defined by the FMCSR.

16.     At all times relevant, Defendant, ANGEL AI INC., owned the commercial motor vehicle involved in this occurrence, namely the tractor and semi-trailer as defined by the FMCSR.

17.     The 2019 freightline truck tractor was driven by the Defendant, JIN DONG, with the permission of its owner, the Defendant, ANGEL AI INC.

18.     At all times relevant, it was the duty of the Defendant, ANGEL AI INC., through its employee or agent, the Defendant, JIN DONG, to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision.

Page 7 of 10

19.     At all times relevant, it was the duty of the Defendant, ANGEL AI INC., through its employee or agent, the Defendant, JIN DONG, to operate the tractor trailer in compliance with the Illinois Vehicle Code.

20.     As a motor carrier, the Defendant, ANGEL AI INC., had a duty to require observance by its drivers, such as the Defendant, JIN DONG, of all duties or prohibitions set forth in the FMCSR 49 C.F.R. § 390.11.

21.     Defendant, ANGEL AI INC., is vicariously liable for the negligent acts and omissions of, JIN DONG, for the conduct alleged below, contrary to and in violation of 49 C.F.R. § 390.11 adopted by reference in 625 ILCS 5/18b-105.

22.     In breach of one or more of the aforementioned duties, Defendants, ANGEL AI INC., independently or acting through its employee or agent, the Defendant JIN DONG, and each of them, were then and there guilty of one or more of the following negligent acts or omissions:

      a.     negligently and carelessly failed to operate the vehicle in a safe and proper manner;

      b.     negligently and carelessly failed to keep a proper lookout;

      c.     failed to decrease the speed of said vehicle so as to avoid colliding with Plaintiff's vehicle in violation of 625 ILCS 5/11-601(a) and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105;

      d.     failed to stop said vehicle in time to avoid causing a collision, although Defendants saw or should have seen that it was impending and had ample time and opportunity to avoid it; and

Page 8 of 10

e. improper lane usage in that Defendants failed to stay in their lane and collided with Plaintiff's vehicle in violation of 625 ILCS 5/11-709 and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105.

23. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, ANGEL AI INC., individually or acting through its employee or agent, the Defendant, JIN DONG, and each of them, Plaintiff suffered medical expenses, lost wages, past and future pain and suffering, disfigurement, and past and future loss of a normal life.

WHEREFORE, the Plaintiff, JANET FORD, prays for judgment against the Defendant, ANGEL AI, as follows:

A. A sum in excess of $50,000.00 for medical expenses, lost wages, past and future pain and suffering and loss of enjoyment of life;

B. Costs of suit;

C. Any further relief as this Honorable Court deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

JANET FORD, Plaintiff

By_____
One of her Attorneys

Bernard G. Segatto, III - 06190753
Kristen V. Johnson - 06329872
Barber, Segatto, Hoffee, Wilke & Cate, LLP
P. O. Box 79
Springfield, IL 62705-0079
217/544-4868
bsegatto@barberlaw.com
kj@barberlaw.com

Page 9 of 10

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF SANGAMON         )

## RULE 222(b) AFFIDAVIT

JANET FORD, after being first duly sworn, states that pursuant to Supreme Court Rule 222(b) the total money damages sought in the foregoing Complaint does exceed $50,000.00.

_____
Janet Ford

SUBSCRIBED AND SWORN to before
me this 6ᵗ day of ___April___, 2020.

_____
                Notary Public

302052

```
OFFICIAL SEAL
KRISTEN V JOHNSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES DEC. 06, 2022
```

Page 10 of 10

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT

SANGAMON COUNTY, ILLINOIS

JANET FORD,

   Plaintiff,

vs.

JIN DONG and ANGEL AI INC.,

   Defendants.

NO. 2020-L-000075

### ALIAS SUMMONS

To the Defendant:  Jin Dong, 210 Elizabeth Avenue, Monterey Park, California 91755-2004

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court, 200 South Ninth Street, Springfield, Illinois 62701, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

   E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk to your local circuit clerk's office.

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service and not less than 3 days before day of appearance. If service cannot be made, this Summons shall be returned so indorsed. This Summons may not be served later than 3 days before the day of appearance.

WITNESS    5/19/2020   , 2020.

(Clerk of the Circuit Court)

**RM**

Associate Circuit Clerk - Int. Deputy

Name:     Bernard G. Segatto, III
Attorney for:  Plaintiff
Address:    831 East Monroe
City:      Springfield, IL 62701
Telephone:   (217) 544-4868

Date of Service:_____, 2020.

(To be inserted by officer on copy left with Defendant or other person)

303632

EFILED
4/6/2020 4:00 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT

SANGAMON COUNTY, ILLINOIS

JANET FORD,

            Plaintiff,

   vs.

JIN DONG and ANGEL AI INC.,

            Defendants.

NO. 2020L 000075

**Plaintiff Demands Trial by Jury on All Counts**

## COMPLAINT

NOW COMES  the Plaintiff, JANET FORD, by her attorneys, Barber, Segatto, Hoffee, Wilke & Cate, LLP, and complains against Defendants, JIN DONG and ANGEL AI INCORPORATED, as follows:

### COUNT I - JIN DONG

1. At all relevant times, Plaintiff was a resident of Auburn, Sangamon County, Illinois.

2. On information and belief, Defendant, JIN DONG, is a resident of Monterey Park, Los Angeles County, California.

3. On information and belief, Defendant, ANGEL AI INCORPORATED, is a corporation with its principal office located in Corona, Riverside County, California.

4. On information and belief, Defendant, ANGEL AI INCORPORATED, is an interstate trucking company registered with the U.S. Department of Transportation under DOT number 2455533.

5. At all relevant times, the Defendant, ANGEL AI INCORPORATED, owned and maintained the 2019 freightline truck tractor and semi-trailer operated by the Defendant, JIN DONG.

6.     On April 30, 2018, at approximately 4:26 p.m., Plaintiff was driving a 2000 Volvo S40 southbound on Interstate 55 near milepost 86 in Sangamon County, Illinois in a safe and mindful manner.

7.     That on the aforesaid date, the Defendant, JIN DONG, was operating a freightline truck in a southbound direction on Interstate 55 near milepost 86 directly beside the motor vehicle driven by Plaintiff in Sangamon County, Illinois. Said Defendant, JIN DONG, was operating such vehicle as the agent and or employee of the Defendant, ANGEL AI INC., and was acting within the course and scope of his employment or agency.

8.     At all relevant times, the Defendant, ANGEL AI INC. was an interstate common carrier based out of California.

9.     That on the aforesaid date, Defendant, JIN DONG, was traveling at a high rate of speed and failed to keep a proper lookout, entered into Plaintiff's lane and collided with the vehicle of Plaintiff.

10.    The provisions of 49 C.F.R. §§ 301 to 399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both Defendant, ANGEL AI INC., an interstate trucking company, and Defendant, JIN DONG, a commercial motor vehicle driver, were subject to and were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

11.    That in its relevant parts, the FMCSR define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

12.     That in its relevant parts, the FMCSR define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. § 390.5.

13.     That in its relevant parts, the FMCSR define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. § 390.5.

14.     That in its relevant parts, the FMCSR define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

15.     That at all relevant times, the tractor and semi-trailer driven by Defendant, JIN DONG, was a self-propelled or towed motor vehicle used on a highway in interstate commerce to transport property that had a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight of 10,001 pounds or more and was, therefore, a commercial motor vehicle as defined by the FMCSR 49 C.F.R. § 390.5.

16.     That at all relevant times, the Defendant, JIN DONG, was a driver so said motor vehicle and therefore an employee as defined by the FMCSR.

17.     The 2019 freightline truck tractor was driven by the Defendant, JIN DONG, with the permission of its owner, the Defendant, ANGEL AI INC.

Page 3 of 10

18.     At all relevant times, Defendant JIN DONG owed Plaintiff a duty to exercise due care and to operate his vehicle in a safe and reasonable manner and in compliance with the Illinois Vehicle Code.

19.     At all relevant times, the Defendant, JIN DONG, had a duty to operate the tractor-trailer in compliance with the Illinois Vehicle Code or FMCSR, whichever law imposes a higher standard of care. 49 C.F.R. § 392.2.

20.     At all relevant times, the Defendant, JIN DONG, had a duty to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid collision.

21.     In breach of his aforementioned duties, Defendant JIN DONG was then and there guilty of one or more of the following negligent acts or omissions:

a.      negligently and carelessly failed to operate his vehicle in a safe and proper manner;

b.      negligently and carelessly failed to keep a proper lookout;

c.      failed to decrease the speed of said vehicle so as to avoid colliding with Plaintiff's vehicle in violation of 625 ILCS 5/11-601(a) and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105;

d.      failed to stop said vehicle in time to avoid causing a collision, although Defendant saw or should have seen that it was impending and had ample time and opportunity to avoid it; and

e.      improper lane usage in that Defendant JIN DONG failed to stay in his lane and collided with Plaintiff's vehicle in violation of 625 ILCS 5/11-709 and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105.

22.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant JIN DONG, Plaintiff suffered medical expenses, lost wages, past and future pain and suffering, disfigurement and past and future loss of a normal life.

WHEREFORE, the Plaintiff, JANET FORD, prays for judgment against the Defendant, JIN DONG, as follows:

A.     A sum in excess of $50,000.00 for medical expenses, lost wages, past and future pain and suffering  and loss of enjoyment of life;

B.     Costs of suit;

C.     Any further relief as this Honorable Court deems fair and equitable.

### COUNT II - ANGEL AI INC.

1.     At all relevant times, Plaintiff was a resident of Auburn, Sangamon County, Illinois.

2.     On information and belief, Defendant, ANGEL AI INC., is a corporation with its principal office located in Corona, Riverside County, California.

3.     On information and belief, Defendant, ANGEL AI INC., is an interstate trucking company registered with the U.S. Department of Transportation under DOT number 2455533.

4.     At all relevant times, the Defendant, ANGEL AI INC., was acting by and through its employees and or agents and is responsible for the acts of those employees and agents pursuant to respondeat superior, agency, statutory liability or other similar theory of law.

5.     On April 30, 2018, at approximately 4:26 p.m., Plaintiff was driving a 2000 Volvo S40 southbound on Interstate 55 near milepost 86 in Sangamon County, Illinois in a safe and mindful manner.

6.    That on the aforesaid date, Defendant JIN DONG, was driving a 2019 tractor trailer owned by Defendant ANGEL AI INC., in a southbound direction on Interstate 55 near milepost 86 directly beside the motor vehicle driven by Plaintiff in Sangamon County, Illinois.

7.    At all relevant times, the Defendant, ANGEL AI INC. was an interstate common carrier based out of California.

8.    That on the aforesaid date, Defendant, JIN DONG acting as an employee or agent of Defendant, ANGEL AI INC., was traveling at a high rate of speed and failed to keep a proper lookout, entered into Plaintiff's lane and collided with the vehicle of Plaintiff.

9.    The provisions of 49 C.F.R. §§ 301 to 399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both  Defendant, ANGEL AI INC., an interstate trucking company, and Defendant, JIN DONG, a commercial motor vehicle driver, were subject to and were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

10.    That in its relevant parts, the FMCSR define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

11.    That in its relevant parts, the FMCSR define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. § 390.5.

12.     That in its relevant parts, the FMCSR define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. § 390.5.

13.     That in its relevant parts, the FMCSR define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

14.     That at all relevant times, the tractor and semi-trailer driven by Defendant, JIN DONG, was a self-propelled or towed motor vehicle used on a highway in interstate commerce to transport property that had a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight of 10,001 pounds or more and was, therefore, a commercial motor vehicle as defined by the FMCSR 49 C.F.R. § 390.5.

15.     That at all relevant times, the Defendant, JIN DONG, was a driver so said motor vehicle and therefore an employee as defined by the FMCSR.

16.     At all times relevant, Defendant, ANGEL AI INC., owned the commercial motor vehicle involved in this occurrence, namely the tractor and semi-trailer as defined by the FMCSR.

17.     The 2019 freightline truck tractor was driven by the Defendant, JIN DONG, with the permission of its owner, the Defendant, ANGEL AI INC.

18.     At all times relevant, it was the duty of the Defendant, ANGEL AI INC., through its employee or agent, the Defendant, JIN DONG, to exercise ordinary care at all times to avoid placing himself or others in danger and to exercise ordinary care at all times to avoid a collision.

19.     At all times relevant, it was the duty of the Defendant, ANGEL AI INC., through its employee or agent, the Defendant, JIN DONG, to operate the tractor trailer in compliance with the Illinois Vehicle Code.

20.     As a motor carrier, the Defendant, ANGEL AI INC., had a duty to require observance by its drivers, such as the Defendant, JIN DONG, of all duties or prohibitions set forth in the FMCSR 49 C.F.R. § 390.11.

21.     Defendant, ANGEL AI INC., is vicariously liable for the negligent acts and omissions of, JIN DONG, for the conduct alleged below, contrary to and in violation of 49 C.F.R. § 390.11 adopted by reference in 625 ILCS 5/18b-105.

22.     In breach of one or more of the aforementioned duties, Defendants, ANGEL AI INC., independently or acting through its employee or agent, the Defendant JIN DONG, and each of them, were then and there guilty of one or more of the following negligent acts or omissions:

        a.    negligently and carelessly failed to operate the vehicle in a safe and proper manner;

        b.    negligently and carelessly failed to keep a proper lookout;

        c.    failed to decrease the speed of said vehicle so as to avoid colliding with Plaintiff's vehicle in violation of 625 ILCS 5/11-601(a) and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105;

        d.    failed to stop said vehicle in time to avoid causing a collision, although Defendants saw or should have seen that it was impending and had ample time and opportunity to avoid it; and

e.      improper lane usage in that Defendants failed to stay in their lane and collided with Plaintiff's vehicle in violation of 625 ILCS 5/11-709 and or 49 C.F.R. § 392.2, adopted by reference in 625 ILCS 5/18b-105.

23.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendants, ANGEL AI INC., individually or acting through its employee or agent, the Defendant, JIN DONG, and each of them, Plaintiff suffered medical expenses, lost wages, past and future pain and suffering, disfigurement, and past and future loss of a normal life.

WHEREFORE, the Plaintiff, JANET FORD, prays for judgment against the Defendant, ANGEL AI, as follows:

A.      A sum in excess of $50,000.00 for medical expenses, lost wages, past and future pain and suffering and loss of enjoyment of life;

B.      Costs of suit;

C.      Any further relief as this Honorable Court deems fair and equitable.

**<u>PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS</u>.**

JANET FORD, Plaintiff

By _____
One of her Attorneys

Bernard G. Segatto, III - 06190753
Kristen V. Johnson - 06329872
Barber, Segatto, Hoffee, Wilke & Cate, LLP
P. O. Box 79
Springfield, IL 62705-0079
217/544-4868
bsegatto@barberlaw.com
kj@barberlaw.com

STATE OF ILLINOIS           )
                                         ) SS.

COUNTY OF SANGAMON    )

### RULE 222(b) AFFIDAVIT

JANET FORD, after being first duly sworn, states that pursuant to Supreme Court Rule 222(b) the total money damages sought in the foregoing Complaint does exceed $50,000.00.

<br>

_____
Janet Ford

SUBSCRIBED AND SWORN to before
me this 6ᵗʰ day of _Apri̇l_____, 2020.

_____
                Notary Public

302052

```
OFFICIAL SEAL
KRISTEN V JOHNSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES DEC. 06, 2022
```

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT

SANGAMON COUNTY, ILLINOIS

JANET FORD

                    Plaintiff,                    NO. 2020-L-75

v.

JIN DONG and ANGEL AI INC.,

                    Defendants.

## AFFIDAVIT OF COMPLIANCE

STATE OF ILLINOIS                )
                                 )SS.
COUNTY OF SANGAMON               )

Pursuant to 625 ILCS 5/10-301 (b), Kristen V. Johnson, being first duly sworn on oath, states as follows:

1.      I am the authorized agent of and attorney for Janet Ford, the plaintiff in this behalf and have knowledge of the facts.

2.      The action or proceeding against the Defendant, Jin Dong, is one growing out of the use or operation by the Defendant, Jin Dong, of a motor vehicle over the highways of the State of Illinois, i.e., Interstate No. 55 near milepost 86, on April 30, 2018, resulting in the damage to the person of the Plaintiff.

3.      The Defendant, Jin Dong, is now, and was at all relevant times a nonresident of this state. The address of the Defendant, Jin Dong, last known to the Plaintiff and me is: 210 Elizabeth Avenue, Monterey Park, Los Angeles County, California, 91755-2004.

4.      The undersigned makes this affidavit for the purpose of inducing the Secretary of State to accept service of process on behalf of the named defendant, Jin Dong, herein according to the provisions of 625 ILCS 5/10-301 of the Illinois Vehicle Code. These provisions are applicable to the instant proceeding. The undersigned has complied with and will continue to comply with all of the requirements of said Section. Further, these provisions require notice of such service and a copy of the process to be sent by registered mail within 10 days by the Plaintiff to the Defendant at his last known address, with the Plaintiff's Affidavit of Compliance appended to the summons.

5.     The undersigned is aware that any person instituting any action, suit or proceeding who uses Section 10-301 of the Illinois Vehicle Code to effect service of process, shall by liable for attorney's fees and costs of the Defendant if the Court finds that the person instituting the action knew or whould have known that this section is not applicable for effecting service in such action.

Further Affiant Sayeth Not.

_Kristen V. Johnson_
Kristen V. Johnson

Subscribed and sworn to before me
this _13th_ day of May, 2020.

_Abbigael Doran_
Notary Public

OFFICIAL SEAL
ABBIGAEL NICHOLE DORAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES DEC. 06, 2022

Bernard G. Segatto, III - 06190753
Kristen V. Johnson - 06329872
Barber, Segatto, Hoffee, Wilke & Cate, LLP
P.O. Box 79
Springfield, IL 62705-0079
217/544-4868
bsegatto@barberlaw.com
kj@barberlaw.com
303479



# OFFICE OF THE SECRETARY OF STATE

### JESSE WHITE • Secretary of State

June 09, 2020

Barber, Segatto, Hoffee, Wilke & Cate, LLP
P.O. Box 79
Springfield, IL  62705

Dear Sir or Madam:

Copies of Summons(es), Complaint(s) at Law, and Affidavit(s) of Compliance
with proper fee(s) have been received on the following:

**Janet Ford v. Jin Dong,  #2020 L 75,  Fee $5.00**

Service has been accepted on 6/9/2020 in compliance with the provisions of
625 ILCS 5/10-301.All inquiries should be made to (312) 814-3154.

Sincerely,

*Jesse White*

Jesse White
Secretary of State

JW:ae
Enclosure

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT

SANGAMON COUNTY, ILLINOIS

JESSE WHITE
SECRETARY OF STATE

JANET FORD,

JUN 0 9 2020

Plaintiff,

AMT $5.00

vs.

NO. 2020-L-000075

JIN DONG and ANGEL AI INC.,

Defendants.

## ALIAS SUMMONS

To the Defendant:     Jin Dong, 210 Elizabeth Avenue, Monterey Park, California 91755-2004

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court, 200 South Ninth Street, Springfield, Illinois 62701, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If  you  need  additional  help  or  have  trouble  e-filing,  visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk to your local circuit clerk's office.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service and not less than 3 days before day of appearance.  If service cannot be made, this Summons shall be returned so indorsed.  This Summons may not be served later than 3 days before the day of appearance.

(Seal of Court)

SEAL

WITNESS     5/19/2020                 , 2020.

_____
(Clerk of the Circuit Court)
RM

_____
Associate Circuit Clerk - Int. Deputy

Name:            Bernard G. Segatto, III
Attorney for:    Plaintiff
Address:         831 East Monroe
City:            Springfield, IL 62701
Telephone:       (217) 544-4868

Date of Service:_____, 2020.
(To be inserted by officer on copy left with Defendant or other person)

303632